J-S06004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDMOND CALLOWAY | : | |
| | : | |
| Appellant | : | No. 468 EDA 2019 |

Appeal from the PCRA Order Entered January 25, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0509401-1995,
CP-51-CR-0509411-1995

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 20, 2020**

Edmond J. Calloway appeals, *pro se*, from the order denying as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

This Court previously set forth the relevant facts of this case as follows:

> [On April 8, 1995], [Calloway] went to a speakeasy in search of [Tyrone Hill], where, upon arrival, he repeatedly struck [Hill's cousin, Richard McCray] with a baseball bat, rendering him unconscious. [Calloway] then demanded to know [Hill]'s whereabouts. Shortly thereafter, when [Hill] approached the speakeasy in his car, [Calloway] fired three shots into the vehicle, causing [Hill] to crash. [Calloway] then ran up to the automobile and fired three shots inside, [killing Hill].

***Commonwealth v. Calloway***, 2895 EDA 2016 (Pa. Super. filed June 1, 2017) (unpublished memorandum).

On April 4, 1996, a jury found Calloway guilty of first-degree murder,[1] aggravated assault,[2] and two counts of possessing an instrument of crime (PIC).[3]  On September 5, 1996, the Honorable James Lineberger sentenced Calloway to life imprisonment for first-degree murder, a consecutive term of seven to fourteen years' imprisonment for aggravated assault, and no further penalty for PIC.  This Court affirmed Calloway's judgment of sentence on March 23, 1998.  *Commonwealth v. Calloway*, 715 A.2d 500 (Pa. Super. 1998) (Table).  Calloway did not seek review by the Pennsylvania Supreme Court.  On June 4, 1999, Calloway filed his first *pro se* PCRA petition.  After appointed counsel filed a "no-merit" letter pursuant to the dictates of *Commonwealth v. Turner*, 522 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc), the PCRA Court dismissed the petition on April 11, 2003.  This Court affirmed the PCRA Court's dismissal on October 1, 2004.  *Commonwealth v. Calloway*, 1295 EDA 2003 (Pa. Super. filed Oct. 1, 2004) (unpublished memorandum).

Calloway filed his second *pro se* PCRA petition on November 4, 2009, and an amended petition on July 20, 2010 (collectively, "Second Petition").

> In a memorandum attached to the Second Petition, [Calloway] alleged that newly-discovered facts, in the form of new exculpatory eyewitness Jacqueline Davis, proved he did not commit either the aggravated assault or the murder of which he

---

[1] 18 Pa.C.S.A § 2502(a).

[2] 18 Pa.C.S.A § 2702.

[3] 18 Pa.C.S.A § 907.

- 2 -

was convicted. [Calloway] did not, however, submit an affidavit or witness certification from [Davis], but instead relied on two witnesses who claimed to have spoken with her and heard her exculpatory comments. [Calloway] also claimed a second newly-discovered fact in the form of a civil complaint, filed by [McCray,] the victim of [Calloway's] aggravated assault, in which [McCray] alleges damages resulting from a traffic accident that took place on the same day as the assault.

PCRA Opinion, 5/9/19, at 2. The PCRA court dismissed as untimely the Second Petition on February 3, 2012. This Court affirmed dismissal of Calloway's Second Petition on December 5, 2012. *Commonwealth v. Calloway*, 64 A.3d 10 (Pa. Super. 2012) (Table).

On October 18, 2013, Calloway filed his third *pro se* PCRA petition, and appointed counsel filed an amended petition on January 8, 2015 (collectively, "Third Petition"). The Third Petition included an affidavit from Davis, who was available to testify in person. Calloway again asserted that newly-discovered facts—specifically, Davis' testimony—proved that he did not commit either the aggravated assault or murder of which he was convicted. Following an evidentiary hearing on this issue on October 20, 2015, the court dismissed his Third Petition as untimely on August 17, 2016. We affirmed the dismissal on June 1, 2017. *Commonwealth v. Calloway*, 2895 EDA 2016 (Pa. Super. filed June 1, 2017) (unpublished memorandum). On November 21, 2017, the Supreme Court denied allowance of appeal.

Calloway filed the instant petition, his fourth *pro se* PCRA petition, on January 19, 2018, and he filed an amended petition on April 4, 2018 (collectively, "Fourth Petition"). In this Fourth Petition, Calloway again claims

newly-discovered facts in the form of: (1) McCray's 1997 civil complaint, which, according to Calloway, proves McCray's injuries were caused by a traffic accident and not by Calloway's assault; and (2) Barbara McCollough's statement to police from 1995, which Calloway claims the Commonwealth never disclosed to him in violation of **Brady v. Maryland**, 373 U.S. 83 (1963). Brief of Appellant, at 11-16. On January 25, 2019, the PCRA court dismissed as untimely Calloway's Fourth Petition. Instantly, Calloway appeals the dismissal of his Fourth Petition and raises the following issues for our review:

1. Whether the PCRA court erred in dismissing [Calloway's Fourth Petition], when [Calloway] established that the facts upon which the claim is predicated were unknown to him, which qualifies for an exception to the PCRA time limitation under 42 Pa.C.S.A. § 9545(b)(1)(ii) and 42 Pa.C.S.A. § 9545(b)(2).

2. Whether the PCRA court erred in dismissing [Calloway's Fourth Petition] as untimely where [Calloway] asserts the evidence presented in his [Fourth Petition] constitutes after-discovered evidence placing his petition squarely within the timeliness exception to the one year limitations period pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vi).

3. Whether the PCRA court erred in dismissing [Calloway's Fourth Petition] on an erroneous basis of timeliness, when the newly-discovered fact exception applies an[d] the court refused to conduct the required hearing, refusing to conduct an independent review of the matters relating to [Calloway's] claims as no prejudice was pled by the Commonwealth; thereby violating [Calloway's] right to due process of law.

4. Whether the PCRA court erred in dismissing [Calloway's Fourth Petition], by denying [Calloway] due process of law under the State and Federal Constitution[s] and his right to proper legal evaluation on his claim of a **Brady** violation.

Brief of Appellant, at 2 (unnecessary capitalization omitted).

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa. Super. 2018). We are bound by a PCRA court's credibility determinations, but with regard to a court's legal conclusions, we apply a *de novo* standard. **Id.** Before reaching the issues that Calloway raises in his appellate brief, however, we must first ascertain whether the PCRA court correctly determined that his Fourth Petition was untimely filed. **See Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (PCRA time limit is jurisdictional; court may only review untimely petition if statutory exception applies).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).[4] A PCRA petition invoking one of these statutory

_____

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 5 -

exceptions must "be filed within 60 days of the date the claims could have been presented." **See Commonwealth v. Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).[5]

Calloway's judgment of sentence became final on April 22, 1998, thirty days after this Court affirmed his judgment of sentence.[6] Therefore, Calloway had one year, until April 22, 1999, to timely file a PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). His Fourth Petition, filed over 18 years later, is patently untimely. Accordingly, Calloway must plead and prove that one of the statutory timeliness exceptions applies, and he must have filed the Fourth Petition within sixty days of the date the claim could have been brought. 42 Pa.C.S.A. §§ 9545(b)(1)-(2).

Here, Calloway asserts that his petition is timely under the newly-discovered facts exception, codified at 42 Pa.C.S.A. § 9545(b)(1)(ii). This

_____

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[5] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. **Id.** at § 3. In this case, Calloway's claims stem from actions taken in 1995-1997, when the police and prosecutor allegedly began withholding potentially exculpatory evidence from him.

[6] A judgment is deemed final "at the conclusion of direct review . . . or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) [those facts] could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007); 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence requires a petitioner to take reasonable efforts to uncover facts that may support a claim for collateral relief. *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa. Super. 2015) (en banc). A petitioner must explain why he could not have learned the new fact(s) earlier by exercising due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Additionally, the focus of this exception is on the newly-discovered facts, not on a newly-discovered or newly-willing source for previously known facts. *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008).

Calloway's first purported newly-discovered fact is a civil complaint from 1997 in which his assault victim, McCray, sought damages arising out of a traffic accident that occurred on the same day Calloway assaulted him. Brief of Appellant, at 11-13. Calloway raised this exact claim in his Second Petition, which was dismissed as untimely. In affirming the dismissal, we noted that McCray's complaint was a matter of public record, and therefore, the facts contained therein were not unknown to Calloway when he filed his Second Petition in 2009. *Commonwealth v. Calloway*, 752 EDA 2012, at 3 (Pa. Super. filed Dec. 5, 2012) (unpublished opinion). The Pennsylvania Supreme Court subsequently held in *Commonwealth v. Burton* "that the presumption

that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) *does not apply* to *pro se* prisoner petitioners." 158 A.3d 618, 638 (Pa. 2017) (emphasis in original).

Calloway "now rel[ies] upon the rationale employed in [**Burton**] . . . for [the] purpose of proving the [n]ewly-[d]iscovered [f]acts exception to the time requirements of the [PCRA]." Brief of Appellant, at 12. Calloway further asserts that **Burton** created "a new constitutional right for [his] relief" under subsection 9545(b)(1)(iii). **Id.** Neither claim has merit.

The ruling in **Burton** does not constitute a newly-discovered fact for purposes of subsection 9545(b)(1)(ii); it merely sets forth a new legal principle. In **Commonwealth v. Watts**, 23 A.3d 980, (Pa. 2011), our Supreme Court expressly held "that subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Id.** at 987. Additionally, **Burton** was "a case of statutory construction" that did not create a new constitutional right. **Commonwealth v. Kretchmar**, 189 A.3d 459, 463 (Pa. Super. 2018). "Indeed, there is not a single reference to either Constitution in [that] opinion." **Id.**; **see also Burton**, **supra**. Therefore, Calloway has not alleged nor proved that the timeliness exceptions under subsections 9545(b)(1)(ii) or (iii) apply to him by virtue of **Burton**.

Regarding McCray's civil complaint, Calloway has been aware of the facts therein since his trial in 1996. In ruling on Calloway's Second Petition, the court noted that the 1997 complaint does not reveal anything new; McCray testified at Calloway's trial that he was hit by a cab on the day Calloway

assaulted him, that he was hospitalized, and that at the hospital he was not specifically treated for the wounds Calloway inflicted to his head. Trial Court Opinion, 5/16/12, at 5-6. The complaint, therefore, "merely provided a new source of information already known to [Calloway]." *Id.* This is insufficient to meet the newly-discovered fact exception. *Marshall*, *supra*.

Moreover, Calloway failed to prove that he exercised due diligence in discovering the civil complaint or the facts therein. On February 11, 1998, Calloway sent a letter to the Assistant District Attorney who tried his case requesting McCray's medical records and information related to his injuries. Amended Petition, 4/4/18, at 2. Having received no response, Calloway did not attempt to obtain this information again until October 21, 2008. *Id.* Given Calloway's knowledge of McCray's trial testimony, his ten-year delay in attempting to uncover additional facts falls short of the reasonable efforts a petitioner must take to protect his interests to support a claim for collateral relief. *See Commonwealth v. Shiloh*, 170 A.3d 553, 559 (Pa. Super. 2017) ("due diligence inquiry is fact-sensitive and dependent upon the circumstances presented"); 42 Pa.C.S.A. § 9545(b)(1)(ii).

Calloway's second purported newly-discovered fact is that McCollough gave a statement to police on April 8, 1995. Calloway alleges the prosecution withheld this statement from him in violation of *Brady*, *supra*. Brief of Appellant, at 15-16. We agree with the PCRA court that the record establishes Calloway did not exercise due diligence. *See* PCRA Opinion, 5/9/19, at 9. Two police reports from 1995, given to Calloway before trial, indicate that

three witnesses, including McCollough, gave statements to police; because Calloway received statements from two of those witnesses before trial, he could have discovered McCollough's statement earlier if he acted with due diligence. *Id.*; *see Shiloh*, *supra* at 558. Calloway's failure to explain why he could not have requested this statement earlier, when 20 years have passed since his trial, "demonstrates that he failed to plead and/or prove that he acted with diligence." *Commonwealth v. Smith*, 914 A.3d 126, 135 (Pa. Super. 2018) (16 year lapse between trial and request for victim's autopsy evidence disproves appellant's due diligence).[7]

Calloway has not established that any of the statutory exceptions to the PCRA's timeliness requirement apply to him. Accordingly, the PCRA court correctly determined that it lacked jurisdiction to address the merits of his untimely Fourth Petition.

Order affirmed.[8]

---

[7] "Furthermore, there is no indication that McCollough's statement actually contains any exculpatory material if in fact such a statement exists. . . . Accordingly, [Calloway's] claim is speculative and does not proffer any facts upon which a claim could be presented. For those reasons, the newly-discovered fact exception does not apply." PCRA Opinion, 5/9/19, at 9.

[8] On January 21, 2020, Calloway filed an application, titled as a motion for continuance, requesting an extension of time to file a reply brief. Because this is Calloway's fourth untimely PCRA petition, his motion is hereby denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/20